IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BLAKE ADAMS (TDCJ No. 1671436), | § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:17-cv-1133-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Blake Adams, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. This habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. For the reasons explained below, the habeas application is an unauthorized successive petition, and the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

In 2010, Adams was convicted of felony murder and sentenced to 65 years of imprisonment. *See State v. Adams*, No. 34553CR (40th Jud. Dist. Ct., Ellis Cty., Tex. Sept. 17, 2010). His criminal judgment was affirmed on appeal. *See Adams v. State*, 357 S.W.3d 387 (Tex. App. – Waco Nov. 2, 2011, pet. ref'd). And Adams already has

sought federal-habeas review in this Court, after pursing habeas relief in the state courts. *See Adams v. Stephens*, No. 3:13-cv-854-M, 2014 WL 3728603 (N.D. Tex. July 28, 2014), *C.O.A. denied*, No. 14-10917 (5th Cir. June 12, 2015), *cert. denied*, 136 S. Ct. 538 (U.S. Nov. 30, 2015).

Adams now seeks a new trial based on the alleged ineffective assistance of his trial counsel, arguing that these claims are being presented for the first time here because his counsel during state-habeas review was ineffective for not alleging them during those proceedings. *See* Dkt. No. 2 at 7-12 (citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)); *see also id.* at 14 (asserting that this petition "is presented ... pursuant to [*Martinez* and *Trevino*], in that Petitioner was denied the effective assistance of counsel on his initial collateral review proceedings (11.07).").

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is

numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same state criminal judgment(s), a federal court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of the AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases).

A claim presented in a second or successive application under Section 2254 will not be entertained unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But that determination must be made by a three-judge panel of a United States court of appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3); *see, e.g., Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

## Analysis

*Martinez* and *Trevino*, cited in Adams's petition, open a narrow exception to the procedural-bar doctrine applicable to Texas prisoners seeking federal-habeas review under 28 U.S.C. § 2254.

"In *Martinez*, the Supreme Court of the United States held,

> Where, under state law, claims of ineffective assistance of trial counsel[, or "IAC" claims,] must be raised in an initial-review collateral proceeding, a procedural default

> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
>
> 132 S. Ct. at 1320. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 133 S. Ct. at 1921); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule." (citation omitted)).

But, to invoke the *Martinez/Trevino* exception to procedural bar, a petitioner must demonstrate that the underlying IAC claim is "substantial.... [T]hat is, that it has 'some merit.'" *Crutsinger*, 576 F. App'x at 430 (quoting *Martinez*, 132 S. Ct. at 1318); *see id.* (noting that, "if a petitioner's [IAC] claim is not substantial enough to earn a [certificate of appealability], it is also not substantial enough to form the basis for excusing the procedural default" (citing *Martinez*, 132 S. Ct. at 1318-19 (in turn citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)))); *see also Speer v. Stephens*, 781 F.3d 784, 785 & n.4 (5th Cir. 2015) (noting the "limited nature" and "narrowness" of the exception).

For present purposes, however, the Court should not review the substantiveness of the IAC claims Adams presents now because, regardless of any merit they may

possess, those claims are successive within the meaning of AEDPA. *See In re Paredes*, 587 F. App'x 805, 813-14 (5th Cir. 2014) (per curiam) ("[T]he most important considerations in our analysis of whether Paredes's motion contained a successive claim are twofold. The first is that the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244.... The second dispositive consideration is that the decisions in *Martinez* and *Trevino* were not based on a rule of constitutional law but on statutory rights. Paredes is therefore unable to rely on a new and retroactive rule of constitutional law. To the extent that Paredes challenges the denial of habeas relief, his motion must be construed as a successive petition and must be dismissed." (footnote omitted)); *accord In re Hensley*, 836 F.3d 504, 507 (5th Cir. 2016) (per curiam).

To be clear, Adams invokes the *Martinez/Trevino* exception based on an alleged defect in the state habeas proceedings – his claim that his state habeas counsel was constitutionally ineffective for not raising IAC claims "on his initial collateral review proceedings" under article "11.07," the applicable habeas-relief provision of the Texas Code of Criminal Procedure. Dkt. No. 2 at 14. Adams is therefore not attacking "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The undersigned points this out because, in *Paredes*, the Fifth Circuit determined that a *Martinez/Trevino*-based claim – there, brought in a motion under Federal Rule of Civil Procedure 60(b) – premised on the alleged ineffectiveness of *federal* habeas counsel did not constitute a successive petition subject to the requirements of Section 2244(b). *See Pardes*, 587 F. App'x at 823 ("The assertion that

[petitioner's] federal habeas counsel had a conflict of interest and that [petitioner] is entitled to reopen the final judgment and proceed in the federal habeas proceedings with conflict-free counsel is a claim that there was a defect in the integrity of the federal habeas proceedings. Such a claim does not assert or reassert claims of error in the state conviction. Allowing [petitioner's] motion to proceed as a Rule 60(b)(6) motion is not inconsistent with 28 U.S.C. § 2244(d)."); *see also Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir. 2017) ("[A] Rule 60(b) motion premised on federal habeas counsel's conflict of interest need not be considered a successive habeas petition. To the extent that Clark's Rule 60(b)(6) motion attacks not the substance of the federal court's resolution of the claim of the merits, but asserts that [federal habeas counsel] had a conflict of interest that resulted in a defect in the integrity of the proceedings, the motion is not an impermissible successive petition." (footnote omitted)).

Accordingly, Adams's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Adams] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir.

2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). Because this appears to be Adams's first successive habeas application concerning this conviction, transfer appears appropriate.

## Recommendation

The Court should transfer Adams's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 2, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE